Mr. Morrell Thank you, Your Honor Your Honor May it please the court Frank Morrell appearing for Mr. Javier Baeza-Castro Your Honor in our initial paperwork in this matter the brief that we submitted we listed four different issues of course issue number one has been dealt with in the decision of Rodriguez-Gamboa by this court in that there are no except for optical isomers there are no geometric isomers in methadone and that was stem and that was our first issue the second issue Your Honor is basically one in which Has not been decided by this court, and I'm not aware of any court in California Essentially it is one where we asked the court to consider the mens rea as related to the actus reus There is saying in Latin if I may indulge Your Honor that basically says actus non facit reum Nisi mens sit rea which means basically a person Does not is not guilty of an act unless the mind be guilty in this case Your Honor We have an offense under 11352 of California statute the mens rea required for that statute by the by the state court is simply that the Dependent had committed the act and that And the burden is on the government to prove that he intended to commit the act that he had the guilty intent and the guilty mind Counsel I want to make sure I understand your position Clearly and I'm not sure I do But I I can tell you this You know your Latin so much better than I remember it and I had I think 40 years of it so I commend you for that. I wish I remembered it that well Is it your position here that the government needs to prove that an individual? Knows that the mess that he possesses is a controlled substance both under federal law and California law that's the way I was reading the brief, but maybe I'm maybe I'm misreading well on the under federal law certainly And and and there is a reason for that is because this but this is a state this was a state Prosecutor this is state prosecution right correct correct For methamphetamine 26 I believe was 26 point five grams or something to that effect Well to go on your honor basically the mens rea requirement in this case refers to the federal CSA section 802 the person has to have knowledge that the substance that he was carrying or or or or Distributing is one which is prohibited under the federal DSA period so it could be any controlled substance under the CSA right Any controlled substance under the CSA correct, but then we have to do the categorical approach as to that stuff Now I Said it California has never done this this ninth circuit has never done it however There is a case out of the Fifth Circuit and that is Sarmiento versus Holder in that case and if I did the site is 742 fed 3rd 624 2014 in that case We had a gentleman from Mexico who had Led to a an offense a a drug offense. I believe it was cocaine in, Florida And then and he went on Doing his thing and one day he goes to Mexico and on his upon his return from Mexico He gets stopped and he gets put for removal proceedings since he was a lawful permanent resident He was given a hearing as opposed to simply being excluded from the country at the time The court in that case decided that the mens rea requirement was required because The court in Florida required The person to prove that he did not know as opposed to the government having to prove that he did not know So that was the problem with that. That's what we don't have in this case your honor, but nevertheless In this case we have the issue of his knowledge That what he did was an offense against the federal CSA the federal Right. Can I just back you up a little bit before your time runs out? I do have a Sort of a preliminary question. I first I do I kind of understand your argument here What you're making on this on the categorical approach, but I want to go back just a little bit the government argues very forcefully That this issue was never raised before the board in this instant proceeding and Therefore it's unexhausted Now I took a careful look at the brief that was submitted to the BIA from the IJ's decision that we're dealing with and I didn't see this argument in that brief So could you help me? No, then the court is correct. That argument was not made at the time. I I confer I Although I think that so why isn't it just so then why isn't it just what it's just unexhausted How could we even consider the merits of your argument? The board didn't get to sit or did board didn't get to address it No, that's correct. Then my request of this board would be to remand the case for a Greek and for consideration Well, we can't just go We can't just go around You know remanding cases Because we think there might be a potential argument Well, but you can also rule for the first time when a case involving law or it or involving But if it's not exhausted we don't have jurisdiction this is this is the problem So I have the same question that judge Pius does which is how do we reach your argument? If it hasn't been presented to the board Yeah, very well, then let me go to the second point Can you do you have any so your answer is it's unexhausted Correct. All right. Okay. Thank you Okay, your honor then the last issue in this case was really that the BIA should have reviewed the novel the denial on the 240 a a that is the The deport the statute giving the remedy to a lawful permanent resident and basically the BIA did not Examine this case in accordance with the case law or its own case law. That is the matter of marine 16 I any Decision 581 that's the 1978 even though that statute excuse me that case dealt with the old 212 see The new equivalent to the 212 C is the 240 a a which is a cancellation removal statute The BIA did not conduct an element by element review of that case. It basically In this matter your honors. We have a residence by the petitioner in the United States for over 50 years He is now 62 years old. They did not review that. He's been a permanent resident for 31 years Evidence of hardship didn't even bother reviewing that all his relatives are in the United States sons parents grandparents nephews nieces, there's not a single individual that lives in Mexico and He is unprepared even to get employment over that he has no no practical Ways of getting a job in Mexico besides the ties Also, he registered for the for the draft he basically that Went for the draft and had intended to apply to be a marine when he graduated from high school Unfortunately, he had to go to work before graduating his senior year because His girlfriend got pregnant and he had to go to work There was tons of proof of rehabilitation your honor and the court did not consider anybody It had basically adopted the decision by the IJ Without reviewing any of this as they should have done under the code on the on the CFR But my request would be runner for the reasons above To remand the case on either one of those two issues for determination by the BIA All right. Thank you. You've used up your time. But if you like, well, I'll give you Two minutes on rebuttal if you'd like to use that. All right. Thank you. Mr. Stanton And you're on mute May it please the court as Judge Perez says we dispute that this court has jurisdiction not only against the challenges to the I Apologize for all the the flurry of rule 28 J letters, but I did by all this three three years ago So I think it happened since then These cases take a while But I will point out though the 11th took a decision that we that we cited that the chamu case that rejected the the same men's rare Let me let me ask you if we agree that that these most of these arguments are unexhausted that ends that that's Ends everything, right? Yeah, yeah, but that's actually my point your honor in the 11th Circuit case The non-citizen did exhaust his argument the 11th Circuit opinion shows that he actually made these arguments to the Board of Immigration Appeal Therefore exhausted that didn't happen here. So yes, I agree There was one question I did have for for you. And I mean, you know, there was a very this is a very long record In this case it goes on for years my goodness It took me a while to sort of work my way through it But so as I I understand after after the Ninth Circuit after this court Set aside the Or said that the BI should have granted reconsider here a rehearing Let's call the motion to reopen and send it back and said, you know Grant consider reconsider granting a motion to reopen and the board did and then the board Transferred the record and remanded the entire proceeding to the IJ. Is that correct? Is that what happened? Yes, yes, that's what happened. Like and did the Court did the court granted the first petition because it found that a petitioner was the victim ineffective assistance of counsel Because I'm his I've actually lost count. I think there's some growth the fifth lawyer in this case Second second counsel did not afford an adverse decision By the board he lost the board and second second former counsel didn't tell petitioner about that. He missed the filing Okay, so it goes back to the IJ right Now could counsel have raised this The the the aggregated felony and the relating to a controlled substance argument Before the IJ Yes, yes that and it probably would have been had he done so like he probably would have exalted the issue I mean Like the Board of Immigration Appeals or the agency more specifically Mayor may not have found that he actually conceded the point when he conceded on his removability under the controlled substance charge Earlier, but that was lawyer number two as well. So like Is it correct? They could have argued Well, we should be relieved of that concession and we could we could have just raised this whole issue again. I Actually spent some time looking up that exact issue that when you find an effective assistant counsel whether everything gets wiped out all the entire the entire Entire advocacy is just gone or just that specific point. I did not find an answer right? So this neither did I But it seemed to me that he could have raised it he could have said, you know, we want to be relieved of our a concession and here's why there's some new developments in the law or things have changed or You know that counsel was in effect totally ineffective and we should be relieved and we should be allowed to argue this but that none of That happened here. Is that correct? Is that my I'm understanding the record correctly. Is that right? Okay As far as I can tell this court has never addressed that exact issue But in this particular case the issue is moot because he never raised the right he never raised anything Yeah, never anything except for mr. Morell right here again all due respect to mr. Morell very very capable advocate. I mean One of the best but you cannot let get raised new arguments There were knives off to just by getting new counsel on the court of appeals so so not so notwithstanding the ineffectiveness determination that this court made and the remand and the reopening that occurred before not only The well that occurred before as judge Pius has pointed out the IJ There has been forfeiture of the issue that the petitioner is raising across the board in the long previous Procedural history of this case. Is that right? Well with respect to the issues he's raising now, which I mean includes challenges to the removability the admissibility of the a form I 2013 that was that challenge was never issued the Board of Immigration Appeals I mean he preserved for exhaustion purposes. He preserved his challenges to the denial cancellation. So that was an exhaustion The problem is the court doesn't have other reasons. Yes, so I prepared to address the merits of those arguments But we reiterate that the court just doesn't have jurisdiction either for exhaustion or for the discretionary review bar so I mean You know, I'm prepared to address the merits, but if this court satisfied with them our jurisdiction arguments I'm not sure what else to have to say. So I mean any questions Doesn't look it like there are any more questions. All right This is a very easy question though, is it possible, you know, this fellow has been here for often a long time is could they ask for some sort of discretionary prosecutorial discretion to To Let him remain Yeah Non-citizens are free to request Prosecutorial discretion any point in the case whether it's before the Court of Appeals even after the Court of Appeals that has ruled against them They're free to go Talk to a DHS to request prosecutorial discretion. Mr. Banzi Castro has not done so yet I certainly would encourage him to do so. My gut is given his criminal history. It might be an uphill fight. So I mean usually mean DHS mean on this Less inclined to grant prosecutorial discretion when someone has multiple convictions, but again, it never hurts to try. Okay all right, thank you and Mr. Morrell you have two minutes Thank you, Your Honor to begin with let me say that Prosecutorial discretion has nothing to do with this case because there's an order from the judge Deporting the petitioner respondent in that case and Denying the only remedy that he has under 240 a small a the only remedy he's got is cancellation of removal now ice the the officers from ice have the situation that he will be Deported because he's already been deemed to be deportable and they will simply pick him up arrest them and send them to Mexico There is no prosecutorial discretion What what is there? To plot what is the discretion? He's been deported. So That leaving that aside This is a case. I truly believe that the BIA the Board of Immigration Appeals did not go further in its analysis of the equities that my client had Versus the adverse factors. They did not do analysis of that as they're required under the CFR in this case And I've already outlined to the court some of those factors I I would request at the very least a remand for the BIA to review those those factors and compare them to this gentleman and Actually grant them Reverse the order of the IJ granting him cancellation of removal. That is what I'm seeking once cancellation rule was granted He's free now He's had no further problems with the law since the DUI Nothing, no arrests. No, nothing. He's working. He's got a family nobody in Mexico And that is your honor my concluding remark. I thank you very much for This case. Thank you very much. All right. Thank you. Thank you counsel both for your arguments this morning They were helpful and this case is taken under submission and we are in recess for the rest of the day
judges: PAEZ, UNKNOWN, BADE